IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ME2 PRODUCTIONS INC., <br><br> Plaintiff, <br> v. <br><br> DOES 1-23, <br><br> Defendants. | **ORDER TO SHOW CAUSE REQUIRING RESPONSIVE BRIEFING** <br><br> Case No. 2:17-CV-00178 <br><br> District Judge David Nuffer |

To better accomplish the stated goals of General Order No. 18-007 following the transfer of this and similar cases to Judge David Nuffer, Plaintiff is ORDERED as follows:

1. To provide the current status of each of the Does named as Defendants in this case. Specifically, Plaintiff is ORDERED to prepare a brief identifying the status of the case as to each Defendant, including: which Defendants have been dismissed from this case; which Defendants have yet to be served and whether Plaintiff intends to prosecute these Defendants; which Defendants have filed an answer or other response and whether Plaintiff intends to prosecute these Defendants; which Defendants have pending motions directed at them (entry of default certificate, entry of default judgment, attorneys' fees, dismissal, etc.). For ease of review, this information should be provided in table form.

2. As to those Defendants against whom Plaintiff is continuing prosecution, the United States Court of Appeals for the Ninth Circuit recently determined that "[a] claim for contributory infringement requires allegations that the defendant is 'one who, with knowledge of the infringing activity, induces, causes or materially

contributes to the infringing conduct of another.'"[1] A valid claim for infringement of this sort therefore requires allegations demonstrating that the Defendants "actively encourage[ed] (or induc[ed]) infringement through specific acts" or "distribut[ed] a product distributees use to infringe copyrights, if the product is not capable of 'substantial' or 'commercially significant' noninfringing uses."[2] Plaintiff is ORDERED to prepare a second brief addressing why the Ninth Circuit's analysis should not apply in this case and how the Complaint conforms with that analysis[3]. Failure to do so may result in dismissal of Plaintiff's claims without further notice based upon a failure to "state a claim that is plausible on its face."[4]

3. As other district courts and circuit courts have addressed cases similar to the present case, Plaintiff is ORDERED to provide a third brief outlining the current state of this case law.[5]

4. Plaintiff shall file the three responsive briefs to this Order by no later than 45 days from the entry of this Order.

5. To provide the time necessary to accomplish the ordered responsive briefing, IT IS FURTHER ORDERED that all scheduling previously ordered in this case is

---

[1] *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1147 (9th Cir. 2018) (quoting *Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996)).

[2] *Id.* at 1148 (quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170 (9th Cir. 2007)).

[3] As this Plaintiff has been ordered to provide this brief in other cases, the ordered briefing here may be identical to the brief filed in its other cases before the court. Briefing in each case is required so that each case has a complete record.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] Again, as this Plaintiff has been ordered to provide this brief in other cases, the ordered briefing here may be identical to the brief filed in its other cases before the court. Briefing in each case is required so that each case has a complete record.

VACATED. A new scheduling order will be entered following the consideration and resolution of the issues identified in the ordered responsive briefing.

Signed December 20, 2018.

                                            BY THE COURT:

                                            _____
                                            David Nuffer
                                            United States District Judge